UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LABYRINTH, INC., et al.,

                              Plaintiffs,

            -against-

CANADIAN IMPERIAL BANK OF
COMMERCE,

                              Defendant.

24-CV-5898 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

Before the Court is Plaintiffs Labyrinth, Inc. ("Labyrinth") and Harbor Business

Compliance Corporation's ("Harbor Compliance" and together with Labyrinth, "Plaintiffs")

motion to transfer venue pursuant to 28 U.S.C. § 1404. For the reasons set forth below, the Court

GRANTS the motion and transfers this case to the Eastern District of Pennsylvania. The Court

therefore declines to adjudicate the pending motion to dismiss, finding that it is instead proper

for the transferee court to resolve the motion.

## BACKGROUND

This case arises from a loan arrangement between Canadian Imperial Bank of Commerce

("CIBC") and Plaintiffs, pursuant to which CIBC agreed to extend a term loan and line of credit

to finance Harbor Compliance's acquisition of Labyrinth's shares. ECF No. 27 ("AC") ¶ 2.[1] The

parties eventually executed a Loan and Security Agreement (the "Loan Agreement"), dated

October 4, 2021. AC ¶ 19. Plaintiffs allege that, as market conditions changed, the terms of

CIBC's arrangement with them became less favorable to CIBC, and so CIBC attempted, in bad

---

[1] The following facts are, unless otherwise noted, taken from the Amended Complaint and
presumed to be true for the purposes of the instant motion. *See LaFaro v. N.Y. Cardiothoracic
Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009).

faith, to renegotiate the terms of the arrangement. AC ¶¶ 4, 5. Plaintiffs allege they were then

coerced into signing an amendment to the Loan Agreement. AC ¶ 99. Through this action,

Plaintiffs allege various breaches of the Loan Agreement, and that CIBC acted improperly in

negotiating the First Amendment and Payoff Letter, as those terms are used and defined in the

Amended Complaint.

Certain of the Loan Documents[2] at issue in this action contained forum selection and

choice of law provisions. For instance, Section 11 of the Loan Agreement states, in pertinent

part, that each "Loan Party" submitted to the exclusive jurisdiction of New York state and federal

courts, and that each "Loan Party" consented to jurisdiction in this forum and waived any

objections, such as lack of personal jurisdiction, to this forum. ECF No. 1 ("Compl.") ¶ 11.

Plaintiffs originally filed this action on August 2, 2024. Plaintiffs alleged that this Court

could properly exercise jurisdiction over CIBC—an entity based in Canada—because Defendant

had ostensibly consented to personal jurisdiction by reference to the above-described choice of

law provision in the Loan Agreement. *Id.* ¶ 11. However, on October 25, 2024, Defendant filed a

motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(6). ECF No. 19. In their motion to

dismiss, Defendant argued this Court lacks personal jurisdiction over it because the choice of law

clause in the Loan Agreement did not actually apply to CIBC. ECF No. 20 at 12–13.

Thereafter, on November 15, 2024, Plaintiffs filed an Amended Complaint which, among

other things, added allegations explaining why this Court should exercise personal jurisdiction

over Defendant. ECF No. 27. These new allegations indicated that the Subordination Agreement,

which is part of the Loan Documents, provides that it shall be governed by and construed in

accordance with New York law, and that parties to the agreement submitted to the "exclusive

---

[2] As the term is defined in the Complaint and Amended Complaint.

jurisdiction" of New York state and federal courts. AC ¶ 14. Plaintiffs allege Defendant was a party and signatory to that agreement, and therefore consented to personal jurisdiction through the Subordination Agreement, in addition to their contacts with New York. AC ¶¶ 11–14.

Shortly after filing the Amended Complaint, Plaintiffs filed the instant transfer motion on November 21, 2024. ECF No. 28. In briefing the motion, it appeared clear from the parties' submissions that they agreed the action could properly be litigated in Pennsylvania. *See* ECF Nos. 29 ("Mem."), 32 ("Opp."). However, the parties disagreed regarding the proper procedural mechanism to effectuate that result. Whereas Plaintiffs ask this Court to transfer the action pursuant to 28 U.S.C. § 1404(a), Defendant insists that Plaintiffs should dismiss this case without prejudice pursuant to Rule 41(a)(1), forcing Plaintiffs to re-file it in the Eastern District of Pennsylvania. In an attempt to conserve resources and promote efficiency, the Court instructed the parties to confer and attempt to find a mutually agreeable resolution. Regrettably, no such agreement was reached, necessitating the instant Order. ECF No. 37.

## LEGAL STANDARD

A district court may, "for the convenience of the parties and witnesses, [and] in the interest of justice . . . transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). The burden is on the moving party to make a "clear and convincing showing" that "(1) the action is one that might have been brought in the proposed transferee forum; and (2) the transfer promotes convenience and justice." *Hershman v. UnumProvident Corp.*, 658 F. Supp. 2d 598, 600 (S.D.N.Y. 2009) (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.,* 425 F.Supp.2d 325, 327 (E.D.N.Y. 2006)) (internal quotation marks omitted). An action "might have been brought in another forum if, at the time it was originally filed, the transferee court would have had both subject matter jurisdiction and personal

jurisdiction over the defendants, and if venue would have been proper there." *Posven, C.A. v. Liberty Mut. Ins. Co.,* 303 F. Supp. 2d 391, 401 (S.D.N.Y. 2004) (citing *Schechter v. Tauck Tours, Inc.,* 17 F. Supp. 2d 255, 258 (S.D.N.Y. 1998)). The party requesting the transfer bears the burden of making a "strong case for transfer." *New York Marine and Gen. Ins. Co. v. Lafarge North America, Inc*., 599 F.3d 102, 113 (2d Cir. 2010) (quoting *Filmline (Cross–Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 521 (2d Cir. 1989)).

## DISCUSSION

Plaintiffs seek to transfer this action to the Eastern District of Pennsylvania, arguing that it would be more convenient for the parties, and that jurisdiction properly resides there. A court performs a two-part inquiry when determining if transfer is appropriate. First, the court determines if the action is one that "might have been brought in the transferee court." *In re Collins & Aikman Corp. Sec. Litig*., 438 F. Supp. 2d 392, 394 (S.D.N.Y. 2006) (internal quotation marks omitted). Then, the court evaluates whether transfer is appropriate based on the "convenience of parties and witnesses" and "the interest of justice." 28 U.S.C. § 1404(a); *see also N.Y. Marine & Gen. Ins. Co.*, 599 F.3d at 112.

Here, it is undisputed this action could have been brought in the Eastern District of Pennsylvania, and so the first part of the two-step inquiry is not at issue. *See Cartier v. D & D Jewelry Imports*, 510 F. Supp. 2d 344, 346 (S.D.N.Y. 2007) (considering only the second step of the transfer inquiry where the parties did not dispute the action could have been brought in the proposed transferee court). Therefore, the only remaining question is whether Plaintiffs have met their burden in demonstrating that a transfer would promote convenience and the interests of justice.

4

The Court considers these issues below and finds that Plaintiffs have articulated sound bases for transferring this action, none of which Defendant disputes. The Court then rejects Defendant's contention that Plaintiffs' failure to include an affidavit itself warrants a denial of the motion. Finally, the Court finds that Plaintiffs need not demonstrate "changed circumstances" as a threshold requirement where, as here, a transfer would be in the interests of justice. Accordingly, the Court will transfer this action to the Eastern District of Pennsylvania, and will not adjudicate the pending motion to dismiss.

## I. Plaintiffs' Transfer Motion Is Granted

A decision on a motion to transfer rests "within the broad discretion of the district court and [is] determined upon notions of convenience and fairness on a case-by-case basis." *Stroud Prods. & Enters., Inc. v. Castle Rock Ent., Inc.,* No. 07-CV-8638 (HB), 2009 WL 2391676 at * 2 (S.D.N.Y. Aug. 4, 2009) (quoting *In re Cuyahoga Equip. Corp.,* 980 F.2d 110, 117 (2d Cir. 1992)). A non-exhaustive list of factors that courts consider for the Section 1404(a) analysis includes:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing law, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances.

*Nipponkoa Ins. Co., Ltd. v. Ceva Logistics, U.S.*, No.11-CV-9040 (SAS), 2012 WL 2550278, at *2 (S.D.N.Y. July 2, 2012); *see also D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006). No individual factor is dispositive, and a court has discretion to weigh each factor in its efforts to reach a fair result. *Id.*

In their motion, Plaintiffs have addressed the above factors and articulated plausible reasons for why a transfer would promote convenience and the interests of justice, none of which

Defendant addresses or rebuts in their opposition. Mem. at 6–13. For instance, Plaintiff Harbor Compliance has its headquarters in Pennsylvania, and transferring the action would promote convenience for key witnesses (Factor 2), and enhance the parties' ability to compel any witnesses who are familiar with the Loan Documents at issue in this action (Factor 6). *Id.* at 13. A transfer would also shift the action to a forum that is closer to the locus of operative facts and location of relevant documents and evidence (Factors 3 and 5) for the same reason. *Id.* And transferring the action would promote convenience to Plaintiffs (Factor 4) while remaining neutral as to Defendant, who is based in Canada, and who would be able to access either forum with the same level of ease. In addition, transferring the action to Pennsylvania would effectuate the Plaintiffs preferred choice in forum (Factor 1). *Id.* at 11. The remaining factors are otherwise generally favorable to Plaintiffs or neutral as to the parties.

Defendant argues, citing *SODEPAC, S.A. v. Choyang Park in rem*, No. 02-CV-3927 (SAS), 2002 WL 31296341 (S.D.N.Y. Oct. 10, 2002), that Plaintiffs' failure to include a "detailed affidavit" in support of the transfer motion requires that it be denied. Opp. at 2–4. But unlike the instant case, the plaintiffs in *SODEPAC* "offered *no reasons* why the action should be transferred . . . ." *SODEPAC, S.A.*, 2002 WL 31296341 at *6 (emphasis added). While not in affidavit form, Plaintiffs have provided a detailed accounting of the reasons why transfer would be appropriate, none of which Defendant challenges. The Court thus declines to read the "affidavit" requirement so strictly here and will not deny the transfer motion on that basis.

For these reasons, and because Defendant does not challenge any of Plaintiffs' assertions, transfer is appropriate. *See Altman v. Liberty Equities Corp.*, 322 F. Supp. 377, 379 (S.D.N.Y. 1971) (holding that the failure to raise a venue objection within the context of a section 1404(a) motion constitutes waiver of that particular objection).

II.    **Plaintiffs Need Not Demonstrate "Changed Circumstances"**

As previously stated, Defendant has not challenged any of Plaintiffs' proffered reasons for why transfer would be appropriate. Instead, Defendant argues that Plaintiffs' transfer motion should be denied because Plaintiffs have not, and cannot, demonstrate a "change in circumstances" since they originally filed suit in this forum. Opp. at 2–5. Plaintiffs respond that Defendant, by focusing exclusively on the so-called "changed circumstances" requirement, has conceded that the Section 1404 factors weigh in favor of transfer. ECF No. 42 at 2. Plaintiffs also note that the Second Circuit has never ruled a plaintiff "must" demonstrate changed circumstances, *id.* at 3 n.2, but that in any event, Plaintiffs can make that showing. The Court finds that Defendant's objections do not prevent a transfer.

To be sure, "a motion to transfer venue is not ordinarily granted at the request of the party who chose the forum in the first place." *Megna v. Biocomp Lab'ys Inc.*, 220 F. Supp. 3d 496, 498 (S.D.N.Y. 2016) (quoting *Ferrostaal, Inc. v. Union Pacific Railroad Co.*, 109 F. Supp. 2d 146, 151 (S.D.N.Y. 2000). "Because a plaintiff has already had the opportunity to choose the forum when filing the action, courts in this District have historically required plaintiffs to demonstrate a change in circumstances that has taken place since the filing of suit in order to prevail." *Atlantic Mut. Ins. Co., Inc. v. CSX Expedition*, No. 00-CV-7668, 2003 WL 21756414, at *2 (S.D.N.Y. July 30, 2003) (internal citation and quotation marks omitted) (collecting cases); *United States ex rel. Fisher v. Bank of America, N.A.*, 204 F. Supp. 3d 618, 623 (S.D.N.Y. 2016) (applying "changed circumstances" analysis); *Megna v. Biocomp Laboratories Inc.*, 220 F. Supp. 3d 496, 498 (S.D.N.Y. 2016) (denying transfer motion and dismissing case where plaintiff failed to show changed circumstances).

However, despite the above mentioned "long history," it does not appear that the Second

Circuit has explicitly addressed the question of whether a plaintiff *must* demonstrate changed

circumstances to permit a 1404(a) transfer. *United States ex rel. Fisher*, 204 F. Supp. 3d at 624.

And the Second Circuit has in fact adjudicated transfer motions, pursuant to 28 U.S.C. § 1406(a),

without mentioning any such requirement. *See, e.g., Corke v. Sameiet M.S. Song of Norway*, 572

F.2d 77 (2d Cir. 1978); *Spar, Inc. v. Info. Res., Inc*., 956 F.2d 392, 394 (2d Cir. 1992).

Consequently, several courts in this District have found that a plaintiff need not demonstrate a

change in circumstances in order to effectuate a transfer in venue. *See, e.g., Posven, C.A. v.

Liberty Mut. Ins. Co*., 303 F. Supp. 2d 391, 407 (S.D.N.Y. 2004) (collecting cases); *City of Miami

Fire Fighters' and Police Officers' Retirement Trust v. CVS Health Corp.*, No. 19-CV-1725 (AT),

2019 WL 13217378, at *3 n.2 (S.D.N.Y. Aug. 9, 2019). These cases have done so by applying an

exception: namely, they have found that a plaintiff need not demonstrate changed circumstances

where a transfer would be in the interests of justice. *See, e.g., Nipponkoa Ins. Co. v. Ceva

Logistics, U.S., Inc.*, No. 11-CV-9040 (SAS), 2012 WL 2550278, at *1 n.18 (S.D.N.Y. July 2,

2012).

Because the Court has already concluded that a transfer would promote convenience and

be in the interests of justice, the Court will take the same approach and not require that Plaintiffs

demonstrate changed circumstances. *Id.* at *1–2 (observing that transfer motions brought by a

plaintiff can be transferred if it would be in the interest of justice); *City of Miami*, 2019 WL

13217378, at *3 & n.2 (declining to impose changed circumstances requirement and transferring

case in the interests of justice); *see also D.H. Blair*, 462 F.3d 95 at 106 (district courts have broad

discretion in making convenience determinations under Section 1404(a)).

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to transfer venue is GRANTED. Having so ruled, the Court will not resolve Defendant's motion to dismiss. *See Clesi v. Zinc Corp. of Am.*, No. 00-CV-6786 (DLC), 2001 WL 225241, at *3 (S.D.N.Y. Mar. 6, 2001) (granting defendants' motion to transfer but reserving decision on motion to dismiss). Should Defendant wish to seek attorney's fees and costs incurred in defending against the transfer motion, any such motion, and subsequent determination, shall be made in the transferee court. The Clerk of Court is respectfully directed to terminate ECF No. 28, and to transfer this case to the Eastern District of Pennsylvania in conformity with Local Civil Rule 83.1.

Dated:  June 27, 2025
         New York, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge